IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SAMUEL CARTER,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII; KYLE MESA; TOMMY WATERS; JOE LOGAN; YONGMING HUANG; KAIMI MEAD; BLANCO FLORAND; PAI KENRIC; and REGO JORDAN,<br><br>Defendants. | Civil No. 26-00293 HG-KJM<br><br>FINDINGS AND RECOMMENDATION TO: (1) DISMISS THE COMPLAINT WITH LIMITED LEAVE TO AMEND; AND (2) DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS |

FINDINGS AND RECOMMENDATION TO: (1) DISMISS THE COMPLAINT WITH LIMITED LEAVE TO AMEND; AND (2) DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

On June 15, 2026, Plaintiff Samuel Carter ("Plaintiff") filed a complaint ("Complaint"). ECF No. 1. On June 16, 2026, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). ECF No. 5.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. For the reasons set forth below, the Court FINDS AND

RECOMMENDS that the district court DISMISS the Complaint and DENY the IFP Application.

DISCUSSION

I. Plaintiff's Complaint

A. Screening Pursuant to 28 U.S.C. § 1915(e)(2)

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to a mandatory screening and order the dismissal of any claims it finds frivolous, malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

To avoid dismissal for failure to a state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the

plaintiff pleads sufficient content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that permit the court to infer only "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Federal Rule of Civil Procedure 8. *Id.* at 679.

A complaint must also meet Rule 8's requirements that a complaint include a "short and plain statement of the claim," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). "The touchstone of Rule 8 is to provide notice of the entitlement to relief." *Gibson v. City of Portland*, 165 F.4th 1265, 1293 (9th Cir. 2026) (citing *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011)). "Factual allegations, however detailed, must be tied to corresponding causes of action. Plaintiffs may do so in a short and plain manner, but it must be in a manner that actually gives Defendants notice of the claim." *Id.* A district court may dismiss a complaint for failure to comply with Rule 8 where the Complaint fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Moreover, because Plaintiff is appearing pro se, the Court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))). The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citations omitted); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013).

B. Plaintiff's Factual Allegations

The Court has carefully reviewed Plaintiff's allegations in the Complaint, which are brief. Plaintiff alleges that, around August 23 through 26, 2022, Defendants Yongming Huang, Kaimi Mead, Blanco Florand, Pai Kenric, and Rego Jordan, all officers with the Honolulu Police Department ("HPD"), unlawfully arrested and imprisoned Plaintiff in violation of his constitutional due process rights. ECF No. 1 at 2 ¶¶ 4–8. Plaintiff alleges that Defendant Joe Logan, as HPD Chief, and Defendant Tommy Waters, as a City and County of Honolulu Chairperson, failed to properly train the foregoing HPD defendants. *Id.* ¶ 3, 1 at

¶ 2. In addition, Plaintiff alleges that Defendant Kyle Mesa, an attorney, used false testimony to obtain a "tainted conviction" against Plaintiff. *Id.* at 1 ¶ 1.

Based on Plaintiff's allegations, the Court broadly construes the Complaint as asserting claims against the defendants pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

C. The Complaint Fails to State a Claim for Relief

1. Defendant State of Hawaii

Plaintiff does not specifically assert any allegations or claims against Defendant State of Hawaii (the "State").

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984). Unless the state unequivocally waives sovereign immunity or Congress exercises its power under the Fourteenth Amendment to override the immunity, the state, its agencies, and its officials (acting in their official capacities) are immune from suit under the Eleventh Amendment. *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst*, 465 U.S. at 99. The Eleventh Amendment sovereign immunity applies to § 1983 claims. *See Pahk v. Hawaii*, 109 F. Supp. 2d 1262, 1267–68 (D. Haw. 2000) (dismissing the plaintiff's § 1983 claims against the State of Hawaii as

barred by the Eleventh Amendment); *Perreira v. Adult Child Servs. Branch*, CIV. NO. 23-00066 LEK-WRP, 2023 WL 5627958, at *4 (D. Haw. Aug. 31, 2026) (finding that the plaintiff's § 1983 and § 1985 claims were barred by the Eleventh Amendment).

Although Plaintiff names the State as a defendant, Plaintiff does not allege any specific facts involving the State or its alleged conduct relating to Plaintiff. In any case, to the extent Plaintiff asserts § 1983 and § 1985 claims against the State, the Court finds that such claims are barred by the Eleventh Amendment. Because Plaintiff cannot cure these claims by amending his pleading, the Court recommends that the district court dismiss Plaintiff's § 1983 and § 1985 claims against the State with prejudice.

2. The Remaining Defendants

Regarding Plaintiff's § 1983 claim, "[t]he relevant statute of limitations for claims brought under § 1983 is the forum state's statute of limitations for personal injury actions." *Puana v. Kealoha*, 587 F. Supp. 3d 1035, 1056–57 (D. Haw. 2022) (citing *Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019)). Pursuant to Hawaii Revised Statute § 657-7, Hawaii's statute of limitations for personal injury actions is two years. *Id.* at 1057 (citing Haw. Rev. Stat. § 657-7). "Although Hawai'i law determines the limitations period, federal law determines

when a civil rights claim accrues." *Id.* (citing *Bird*, 935 F.3d at 743). "Under federal law, the 'discovery rule' typically governs the accrual of § 1983 claims so that 'a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Bird*, 935 F.3d at 743 (citing *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001)).

Plaintiff alleges that the relevant acts by the defendants were committed in August 2022. Plaintiff filed the Complaint in this case more than two years later, in June 2026. Plaintiff clearly knew of the injury which is the basis of this action given that Plaintiff previously filed another lawsuit in June 2024 based on the same allegations, *Carter v. Waters, et al*, Civil No. 24-00262 MWJS-WRP. Moreover, Plaintiff does not allege any facts showing that equitable estoppel applies so as to toll the statute of limitations on Plaintiff's claim.

Based on the foregoing, the Court thus finds that Plaintiff's § 1983 claim, as drafted, is untimely. The Court thus recommends that the district court dismiss Plaintiff's § 1983 claim. Because it is possible for Plaintiff to cure the deficiencies identified herein by amendment based on equitable estoppel, the Court recommends that the district court grant Plaintiff leave to amend this claim.

Regarding Plaintiff's § 1985 claim, "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." *Alefosio v. Haw. Equal Emp. Opportunity Comm'n*, CIV. NO.

24-00329 JMS-RT, 2025 WL 2534426, at *8 (D. Haw. Sept. 2, 2025) (quoting *Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1999), *aff'd sub. nom. Alefosio v. Am. Samoa Gov't*, No. 25-5830, 2026 WL 734653 (9th Cir. Jan. 26, 2026)). Given that the Court recommends dismissal of Plaintiff's § 1983 claim, the Court finds that Plaintiff is precluded from asserting his § 1985 claim, which is predicated on the same allegations. *Id.* Because it is possible for Plaintiff to cure the deficiencies identified herein by amendment, the Court recommends that the district court grant Plaintiff leave to amend this claim.

3. Leave to Amend

The Court recommends that the district court grant Plaintiff leave to file an amended complaint to cure the deficiencies noted above. As a general rule, an amended complaint supersedes the original complaint. *See CDK Glob. LLC v. Brnovich*, 16 F.4th 1266, 1274 (9th Cir. 2021) (citation omitted). Thus, Plaintiff must include all relevant allegations in his amended pleading. Plaintiff's amended complaint cannot refer to, or incorporate by reference, the original Complaint or its attachments. Plaintiff may not, however, include § 1983 and § 1985 claims against the State because those claims are barred under the Eleventh Amendment, as set forth above.

Any amended complaint must comply with Rule 8. If Plaintiff chooses to file an amended complaint, he must write short, plain statements telling the court:

(1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the specific basis for this court's jurisdiction; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff should repeat this process for each person or entity that he names as a defendant, by name or as a doe defendant.

Plaintiff should also list separate causes of action for alleged violations of his federal rights. Each cause of action should be supported by factual allegations, and not merely legal conclusions or a recitation of the legal elements for that particular claim. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the cause of action against that defendant will be dismissed for failure to state a claim. In addition, Plaintiff should indicate whether a person is named in their individual or official capacity.

II. IFP Application

In light of the Court's finding that the Complaint is deficient, the Court recommends that the district court deny Plaintiff's IFP Application. The Court also recommends, however that the district court grant Plaintiff leave to file another application if he chooses to file an amended complaint.

## CONCLUSION

Based upon the foregoing, the Court FINDS AND RECOMMENDS that the district court DISMISS Plaintiff's Complaint (ECF No. 1) with limited leave to amend as set forth above. The Court also RECOMMENDS that the district court DENY Plaintiff's Application to Proceed in District Court Without Prepayment of Fees or Costs (ECF No. 5).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 29, 2026.

Kenneth J. Mansfield
United States Magistrate Judge

*Carter v. State of Haw., et al.*, Civil No. 26-00293 HG-KJM; Findings and Recommendation to: (1) Dismiss the Complaint with Limited Leave to Amend; and (2) Deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs